UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY F. HARRIS,

        Plaintiff,

        v.                                        Case No. 23-C-1255

TODD J. DELAIN, et al.,

        Defendants.

---

## SCREENING ORDER

---

On September 22, 2023, Plaintiff Anthony F. Harris filed *a pro se* complaint against Brown County Sheriff Todd Delain, Captain Heidi J. Michel, and Correctional Officer Diana Cruz-Santiago for violating his constitutional rights while he was being held in custody at the County jail. Dkt. No. 1. Plaintiff is no longer in custody and has paid the filing fee in full. *See id*. This matter comes before the Court for screening of the complaint.

### SCREENING OF THE COMPLAINT

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that in June 2023, while he was in custody at the Brown County Jail, Officer Cruz-Santiago went to his cell to collect a urine sample. Compl. at 2-3. Plaintiff explained that, due to his religious beliefs, he felt uncomfortable with a female correctional officer asking him to provide a urine sample in front of her. *Id*. at 2. Officer Cruz-Santiago allegedly responded, "Don't you want to go home?" *Id*. Plaintiff then stated that it was against jail policy for a female correctional officer to ask for a male inmate's urine sample anyway, and Officer Cruz-Santiago allegedly reiterated in a very derogatory manner, that Plaintiff could not go home until he complied with her order. *Id*. at 2-3. Plaintiff alleges that Officer Cruz-Santiago stated that she can "do anything she wants." *Id*. at 3.

Plaintiff alleged he complied with Officer Cruz-Santiago's order to provide a urine sample in front of her because he felt like he had no other choice. *Id*. at 3. Plaintiff alleges that he felt disgusted and violated and that Officer Cruz-Santiago purposely went outside her job duties to degrade and humiliate him. *Id*. Plaintiff claims he filed an inmate complaint about the incident,

2

and Captain Michel substantiated his allegations. Plaintiff claims, however, that Officer Cruz-Santiago faced no consequences that Plaintiff is aware of. *Id*. Plaintiff also notes that Sheriff Delain "runs" the sheriff's office and the jail. *Id*. For relief, Plaintiff seeks monetary damages. *Id*. at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

A request for a urine sample is tantamount to a body-cavity search under the Fourth Amendment. *See Forbes v. Trigg*, 976 F.2d 308, 313 (7th Cir. 1992). To state a claim under the Fourth Amendment, Plaintiff must allege that the search was "unreasonable" considering the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Id.*; *see also Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).

Plaintiff alleges that Officer Cruz-Santiago collected a urine sample in an "unreasonable" manner. He states that he told Officer Cruz-Santiago that he felt uncomfortable giving a urine sample in front of a female correctional officer due to his religion and that it was against jail policy for a female correctional officer to ask for a male inmate's urine sample anyway. He claims Officer Cruz-Santiago nevertheless forced him to comply, stating in a derogatory manner, that she could "do anything she wants." Given the circumstances alleged and given that Officer Cruz-Santiago's alleged response to Plaintiff's objections could be reasonably construed as an intent to degrade and humiliate him, Plaintiff may proceed on a Fourth Amendment unreasonable search claim against Officer Cruz-Santiago in connection with the collection of a urine sample at the Brown

County Jail in June 2023 by a female guard. *See Canedy v. Boardman*, 16 F.3d 183 (7th Cir. 1994) (holding allegation that female guards routinely conducted strip searches and observed male inmate's naked body stated claim under §1983).

The Court will dismiss Sheriff Delain and Captain Michel from the case. Plaintiff alleges no facts about Sheriff Delain's involvement in the incident. His role as a supervisor, who "runs" the sheriff's office and the jail, is not enough to impose §1983 liability. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Further, Plaintiff's only factual allegation against Captain Michel is that she reviewed his inmate complaint and substantiated it. An individual, in her capacity as a complaint examiner, is not liable under §1983 for "carry[ing] out her job exactly as she was supposed to" and ruling on an inmate complaint. *Id*. at 595. Therefore, Plaintiff fails to state claims against Sheriff Delain and Captain Michel, and they will be dismissed from the case.

The Clerk's office sent Plaintiff a service packet on September 22, 2023. *See* Dkt. No. 1. Plaintiff is responsible for serving Officer Cruz-Santiago with the summons and complaint consistent with Federal Rule of Civil Procedure 4. In the event Plaintiff wishes the Marshal to complete service, he should so notify the court. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.").

## CONCLUSION

The Court finds that Plaintiff may proceed on a Fourth Amendment claim in connection with allegations that Officer Cruz-Santiago collected a urine sample in an unreasonable manner at the Brown County Jail in June 2023. Sheriff Delain and Captain Michel are **DISMISSED** from the case.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of October, 2023.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge